Dear Mr. Proctor:
This office is in receipt of your request for an Attorney General's opinion concerning the implementation of Act 42 of the First Extraordinary Session of 1998 in the New Orleans Public School District. This Act amends and reenacts LSA-R.S. 17:81(A). Your request addresses the provision in the Act requiring the Superintendent to consult with teachers regarding any recommendations made by the superintendent for the hiring or placement of a principal at the school in which such teachers are employed. Specifically, you raise two issues in your request:
 1) Are the duties mandated in Act 42 of the First Extraordinary Session of 1998 delegable by the Superintendent?
 2) In what form must the consultation mandated in the Act take place, i.e., in person, or in writing?
The issues you raise are related to Section A(3)(b) of the Act, which states the following:
 (3) Each city and parish school board shall adopt policies for and establish procedures which require a city or parish school superintendent to:
* * * *
 (b) Consult with teachers regarding any recommendations made by the superintendent for the hiring or placement of a principal at the school in which such teachers are employed. Any recommendations made by teachers shall not be binding upon the superintendent but shall be considered by the superintendent in making his recommendations to the board.
In response to your first question, I direct your attention to LSA-R.S. 17:81(C), which provides:
 Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
This gives the individual city and parish school boards the authority to make the rules and regulations it deems proper. Additionally, Section A(4) of the Act states the following:
 (4) Any policies and procedures adopted by a city or parish school board pursuant to the provisions of this Subsection shall be in accordance with all laws, all state rules, regulations, and policies relative to certification of teachers and other personnel, and any court order or restrictions relative to desegregation.
When read together, these provisions give the Orleans Parish School Board the authority to adopt the policies and procedures it deems proper for the implementation of the Act. You have indicated that, at the present time, the responsibility for administering the one-hundred-and twenty (120) schools in the New Orleans Parish School system has been delegated to three associate superintendents. Accordingly, it is the opinion of this office, that the duties mandated by Act 42 may be delegated by the Superintendent, as long as the delegation provides an opportunity for the recommendations, opinions, and advice of the teachers to be considered by the Superintendent in making his recommendations to the Board.
If the Orleans Parish School Board has delegated the responsibility of making recommendations concerning hiring of principals to an Associate Superintendent, then Board policy must allow an opportunity for the recommendations, opinions and advice of the teachers to be considered by that individual in making his recommendations to the Board.
Turning to your second question, I direct your attention to the language of Section A(3)(b) of the Act which requires a city or parish school superintendent to consult with teachers regardingany recommendations made by the superintendent for the hiring orplacement of a principal at the school in which such teachers areemployed. Specifically, I direct your attention to the word, consult, which is defined: to ask the advice of, to seek the opinion of, apply to for information or instruction. Webster'sThird New International Dictionary. The use of the word consult
in the Act directs the Superintendent to seek the opinion of the teachers in the school and it is designed to insure that teachers are given the opportunity to offer their opinions on the hiring or placement of a principal for the school at which they are employed.
As discussed in answering your first question, the method of consultation is to be determined by the Orleans Parish School Board. Reference should be made to the policies established by the New Orleans Parish School Board for any specific requirements they may have concerning this matter. Provided the policies established by the Board are in accordance with all laws, all state rules, regulations and policies relative to the certification of teachers and other personnel and any court order or restrictions to desegregation as provided for in A(4) of this Section, the New Orleans Parish School Board can request either written or oral consultation with teachers. It is the opinion of this office that the consulting may be in any form that complies with the school board's policies, as long as the form provides an opportunity for the recommendations, opinions and advice of the teachers to be considered by the Superintendent in making his recommendations to the board.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ JAMES C. HRDLICKA Assistant Attorney General
RPI:JCH:KL:lrs